

**Aronberg Goldgehn Davis & Garmisa**
**330 North Wabash Ave., Suite 1700**
**Chicago, Illinois 60611-3586**
**TEL: 312-828-9600**
**FAX: 312-828-9635**
**www.agdglaw.com**

**Christopher W. Niro**
**DIRECT: 312-755-3161**
**DIRECT FAX: 312-222-6382**
**cniro@agdglaw.com**

OUR FILE NUMBER: 103477.100

February 23, 2021

**VIA ECF**
Hon. Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11021

   RE: *Mendel Paneth v. John Doe 1 Through 3*

Dear Judge Kuo:

Pursuant to Fed. R. Civ. P. 26(d) (1), Plaintiff Mendel Paneth ("Plaintiff") respectfully submits this letter motion seeking leave to serve a subpoena prior to a Rule 26(f) Conference.

On February 12, 2021, Plaintiff filed a defamation cause of action against Defendants John Does 1 through 3 ("Defendants"). In the Complaint, Plaintiffs allege that Defendants, using aliases or screen names, posted false and injurious defamatory statements about Plaintiff on YouTube.com ("YouTube"), an online video-sharing platform.

Plaintiff does not have access to information which would lead to the discovery of Defendants' true identities, such as their Internet Protocol ("IP") addresses. As a result, Plaintiff now seeks leave to serve limited, immediate discovery on YouTube and its parent company, Google, LLC ("Google"), so that Plaintiff may learn information regarding the identities of the Defendants and may effectuate service.

Plaintiffs seek leave of Court to serve a Rule 45 Subpoena on YouTube and Google. The subpoena will only demand the IP Addresses of each Defendant. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot serve Defendants, nor pursue this lawsuit.



Plaintiff has good cause to seek expedited discovery, in order to ascertain the identities of the Defendants. Though parties generally may not initiate discovery prior to satisfying the meet and confer requirement of Fed. R. Civ. P. 26(f), courts may, in some instances, order earlier discovery. *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y 2012). A party may engage in discovery before such a conference pursuant to court order. *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86*, No. 1:16-CV-02462-AJN, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016) (citing Fed. R. Civ. P. 26(d)(1). "Courts in this district have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc.*, 279 F.R.D. at 241 (citing *Ayyash v. Al-Madina*, 233 F.R.D. 325, 326-327 (S.D.N.Y. 2005).

Plaintiff therefore respectfully moves for the entry of an order granting it leave to serve subpoenas on YouTube and Google, prior to a Rule 26(f) conference. A proposed order is attached for the Court's convenience.

                                      Respectfully Submitted,

                                      */s/ Christopher W. Niro*
                                      Christopher W. Niro

cc:    *All counsel of record via ECF*
4850-3260-2333, v. 2